PERRINE TERRACE LAND COMPANY, PROSECUTOR, v. ANTHONY BRENNAN, POLICE JUSTICE OF THE CITY OF TRENTON, RESPONDENT.

Submitted November 5, 1924—Decided May 5, 1925.

1. A municipal ordinance prohibited the projection of any stoop, steps, &c., to any building beyond the street line, and provided that whenever a building was re-erected, altered or changed so as to require the construction of any stoop, steps, &c., such building should be re-erected, changed or altered in conformity to the prohibition. *Held,* that the ordinance does not apply to steps of a building which have remained in the same position that they were prior to the passage of the ordinance, where the changes and alterations made to the building, after the passage of the ordinance, in nowise affected the steps.

2. An ordinance which prescribes as a penalty for its violation the payment of a fixed sum for a single offense, will not sustain a judgment for a less sum than the amount prescribed.

3. A judgment for a penalty, which includes past, present and prospective violations of an ordinance, is nugatory.

On *certiorari.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *William E. Blackman.*

For the respondent, *Romulus P. Rimo.*

The opinion of the court was delivered by

KALISCH, J.   The prosecutor was convicted in the police court of the city of Trenton on a complaint which charged that it, on the 27th day of March, 1924, has adapted a building at 234 East Hanover street, in the city of Trenton, county and state aforesaid, to a new use, and has constructed an appendage to said building, which projects beyond the street contrary to and in violation of the third section of the ordinance of the city of Trenton entitled "An ordinance concerning appendages to buildings projected into public streets," approved November 16th, 1923, by reason of which violation the said Perrine Terrace Land Company forfeited and became liable to pay unto the " 'inhabitants of the city of Trenton' a penalty of $200."

The conviction, after reciting that the prosecutor was charged with a violation of section 3 of the ordinance of the city of Trenton entitled "An ordinance concerning appendages to buildings projected into public streets, approved November 16th, 1923," and that one Williams, assistant building inspector, was sworn and testified that alterations to the building were made since the passage of the ordinance, and that such alterations changed the use of the said building, and that steps remained after the alterations projecting on sidewalk in front of said building, and that certain exhibits were produced at the trial which are embodied in a stipulation of the facts of the case between the attorneys of the respective parties, and which stipulation of facts is made part of the conviction, concludes, "whereupon, &c., being satisfied of the guilt of the said Perrine Terrace Land Company, it was thereupon convicted by me, the said police justice, on the charge aforesaid, on this 17th day of June, A. D. 1924." "And it is thereupon ordered that the said Perrine Terrace Land Company pay a fine of $10 for each offense, and each day any such violation shall be deemed and taken to be a separate and distinct offense."

The stipulation between counsel of the respective parties, which stipulation is made part of the record, in substance, is—

1. That the premises in question are owned by the prosecutor, the Perrine Terrace Land Company, and consisted of a brick building, the front being built along the street line of East Hanover street, with stone steps projecting, approximately, four feet in front of said building, in conformity with other houses and steps in the same block on said street.

2. That the said building, including the steps, was built, at least, thirty years ago, and long before the ordinance was passed.

3. That the building was formerly used as a two-family apartment; that alterations have recently been made, and since the passage of the ordinance in question and the building so altered so as to be now used as an office for the owners and others.

4. That the alterations consisted in taking out of two front windows and placing in their stead one large window, cutting a new entrance, which conforms to the ordinance, and the change of some partitions on the inside of the building; the steps and appendage underwent no change, and remain as they always have been, and as other steps on the block; that five days' notice was given to remove the steps, which request was refused.

The prosecutor challenges, not only the validity of the conviction, but also the validity of the ordinance upon which they were founded.

The first section of the ordinance, after defining that the word "appendage," as used therein, "shall be taken and construed to mean stair, stair-platform, stair-porch, stoop and steps projected into a street," and the word "street" to mean any public street, &c.; the ordinance by section 2 prohibits the construction of any appendage to any building, hereafter erected, which shall project into any part of any street beyond the street line, and, by section 3, further provides that whenever any building now erected shall be re-erected, or whenever any part of any building abutting on any street line shall be changed or altered so as to require the construction of any appendage thereto now projected into the street, or to adapt such building to a new use, such building shall

be re-erected or such change or alterations made in such manner as to conform to the provisions of the section 2. The fifth and last section of the ordinance ordains that any person violating any of the provisions of the ordinance "shall, upon conviction, forfeit and pay to the city of Trenton the sum of two hundred ($200) dollars for each offense, and each day any such violation shall be continued shall be deemed and taken to be a separate and distinct offense."

It is quite clear from a plain reading of the agreed facts as above recited, which facts constituted the basis of the conviction of the prosecutor, that the acts of the prosecutor complained of did not come within the inhibition of the provisions of section 3 of the ordinance.

The plain meaning of section 3 is that whenever any part of a building abutting on any street line is re-erected, or shall be changed or altered or is to be adapted to a new use, so as to require the construction of any appendage thereto now projecting into the street, then only to such condition the ordinance applies.

According to the agreed facts the prosecutor neither re-erected nor changed or altered a building, the only alteration made being the taking out of two front windows, cutting a new entrance conforming to the ordinance and changing some partitions in the interior of the building. The prosecutor neither constructed nor reconstructed any appendage to the building. The stone steps projecting into the street remained in their original condition.

If there is any ambiguity in the language of section 3, then, since the ordinance is a penal one, it must be strictly construed, and no intendment is properly permissible so as to extend its operation to acts not clearly expressed.

But even if such an ambiguity does exist, it disappears in the light shed upon it by the preceding section of the ordinance, which, in express terms, provides "that no person, natural or artificial, shall construct any appendage to any building hereafter erected, which shall project into any part of any street beyond the street line."

\*　　\*　　\*　　\*　　\*　　\*　　\*

The intent, as expressed by the ordinance, seems to be to prohibit the "construction of any appendage" regardless of the fact whether the building is newly erected or not, and not to interfere with appendages in existence at the time of the passage of the ordinance, unless such appendages require reconstruction, so as to be adaptable to the use of the building or otherwise.

This view makes it unnecessary to consider whether the ordinance is in violation of any constitutional mandate or is unreasonable, on both of which grounds the validity of the ordinance has been impugned by the prosecutor.

In addition to what has been said, there is a fatal defect in the conviction and judgment, which defect, of itself, necessitates a reversal of the judgment.

It is apparent that the judgment is radically defective. It adjudges that the prosecutor pay a fine of $10 for each offense, and that each day of such violation shall be deemed and taken to be a separate and distinct offense. The vice of the judgment consists in its being uncertain and speculative. We have also the startling situation that, though the complaint charges the prosecutor but with a single offense, the magistrate, without any complaint and without any proof of or hearing on the commission of any other violations of the ordinance by the prosecutor, evidently under a mistaken notion of the meaning of the ordinance, undertook to pronounce a judgment upon the prosecutor, which would embrace past, present and future violations, which, of course, could not be lawfully done. The judgment in plain sense, however, assumes that there was a separate and distinct violation of the ordinance each day from the time such appendage continued to exist after the alterations were made up to the time of the hearing before the magistrate and the rendering of judgment, and that such offense would continue *in futoro.*

It is clear that the ordinance does not authorize any such absurdity, but, to the contrary, in clear terms provides that each day that the appendage is permitted to remain shall be a separate and distinct offense for which distinct offense there

shall be a penalty of $200. To enforce this provision a complaint is required of each distinct violation.

The judgment is also faulty in that it adjudges a penalty of $10. The ordinance vests no discretion in the magistrate to impose a less penalty upon a convicted offender than the sum of $200.

The magistrate was without power to impose any other penalty than that prescribed by the ordinance.

The conviction and judgment are set aside, with costs.