19 N.J. Super. 328 (1952)
88 A.2d 362
THE CITY OF NEWARK, PLAINTIFF-RESPONDENT,
v.
JOHN V. MARTIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided April 29, 1952.
*329 Mr. Michael Breitkopf, attorney for the City of Newark.
Mr. Carl Abruzzese, attorney for the defendant.
CONLON, J.C.C.
The defendant was convicted of violating a zoning ordinance in the City of Newark and was fined $200 in the municipal court. The alleged violation consisted in his conducting a parking lot on the premises at No. 347 Washington Street, Newark, New Jersey, which is in a second business district. The ordinance in question concerns section 7 of the zoning ordinance of the City of Newark, and reads as follows:
"In a Second Business District no building or premises shall be used, and no building shall be erected to be used for any of the following specified trades, industries or uses:

* * * * * * * *

(n) Public Garage."
The definition in the ordinance classifies a public garage as follows:
"(aa) The term `public garage' shall be construed to mean any building or premises in which a business, service or industry connected with motor vehicles is conducted or rendered, and shall include all premises used for motor vehicles either housed or unhoused, excepting automobile salesrooms conducted exclusively for the exhibition of not more than twenty vehicles."
The ordinance is penal in nature. If there is any ambiguity in the language it must be strictly construed, and no intendment is properly permissible so as to extend its *330 operation to acts not clearly expressed. Perrine Terrace Land Co. v. Brennan, 101 N.J.L. 487 (Sup. Ct. 1925).
The language in the ordinance under consideration does not mention the term "parking lot" as such, but leaves to implication whether or not the language "and shall include all premises used for motor vehicles, housed or unhoused" was intended to include parking lots. That particular phrase must, of necessity, be read in conjunction with the terminology which specifies that the premises must be used in connection with a "business, service or industry connected with motor vehicles." The term "parking lot" has a well defined meaning and connotes an operation that is distinct from any other business connected with the sale, repair or servicing of automobiles. If it were the intent by the ordinance to interdict the conduct of a parking lot the ordinance would have so stated.
I find that the maintenance of a parking lot is not in violation of the ordinance in question and therefore the defendant is found not guilty of the charge.