69 N.J. Super. 122 (1961)
173 A.2d 561
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ANTHONY FIORE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1961.
Decided July 5, 1961.
*123 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Sam Weiss argued the cause for appellant (Messrs. Kein, Scotch & Pollatschek, attorneys; Mr. Gustave G. Kein, Jr., of counsel).
Mr. Albert L. Simpson argued the cause for respondent.
The opinion of the court was delivered by KILKENNY, J.A.D.
Defendant, an itinerant ice cream vendor, was convicted and fined $50 in the Municipal Court of the Township of Union for violating the following township ordinance provision:
"It shall be unlawful for any person to operate an itinerant retail food handling establishment upon which food is prepared and from which food is served or sold."
There was a plenary trial in the municipal court, at which a stenographic record was made of the entire proceedings, pursuant to R.R. 8:7-5, including the testimony of the several witnesses in support of the complaint, and the testimony of the defendant and several witnesses in support of his defense.
On defendant's appeal to the Union County Court, there was a trial de novo based upon the stenographic record of the proceedings below pursuant to R.R. 3:10-10. The Judge of the County Court, as indicated by his judgment, considered the stenographic record of the trial of this matter in the municipal court, the briefs submitted by the parties and the argument of counsel, and, having set forth his reasons in a written opinion, adjudged that (1) the ordinance provision in question was invalid; (2) the defendant was acquitted of the charge of violating the said ordinance and his said conviction was set aside; and (3) the fine of $50 with costs imposed upon the defendant was ordered to be returned to him.
*124 The written opinion of the Judge of the County Court indicates his analysis of the evidence in the case, the pertinent legal principles involved, and his factual and legal conclusions.
The township appealed to this court from the judgment of acquittal and the declaration of the invalidity of the ordinance provision.
In their original briefs and at the oral argument, no question was raised by the parties or discussed by them as to the appealability of the County Court judgment of acquittal, but the case was presented on the issue of the validity of the ordinance provision in its application to the facts of the defendant's situation. In our study of the problem involved we raised the question of appealability because of the ruling of our Supreme Court in the case of City of Newark v. Pulverman, 12 N.J. 105 (1953). We requested supplemental briefs from the parties covering this point, which we have received and considered.
The issue of non-appealability is so fundamental, going as it does to the very jurisdiction of the appellate court, and the constitutional mandate against double jeopardy is so compelling, N.J. Constitution of 1947, Article I, par. 11, as to require consideration of the issues by the appellate court on its own motion.
In the Pulverman case, a comparable situation presented itself to the Supreme Court. There, a parking lot operator was convicted in the municipal court for violating the city's zoning ordinance. On appeal to the Essex County Court, after a trial de novo, the operator was found not guilty, City of Newark v. Martin, 19 N.J. Super. 328 (Cty. Ct. 1952), upon the County Court's interpretation that a parking lot was not included within the meaning of "public garage" covered by the ordinance. The city then appealed to the Appellate Division, where the judgment of acquittal was reversed and it was determined that a parking lot was a "public garage" within the definition of the ordinance. 22 N.J. Super. 32 (App. Div. 1952). The issue of appealability *125 from the County Court to the Appellate Division was not raised prior to the opinion of the Appellate Division resolving the issues on the merits of the case. Thereafter the question of appealability was raised for the first time in a petition for rehearing addressed to the Appellate Division, which petition was denied.
With that background, an appeal was taken to the Supreme Court. Instead of resolving the conflict between the County Court and the Appellate Division as to the proper legal interpretation to be applied to the ordinance in question, under the facts of the case, the Supreme Court reversed the judgment in the Appellate Division and reinstated the judgment of acquittal in the County Court. In doing so, it laid down the rule that where a defendant, convicted in a municipal court of violating a municipal ordinance, appealed to the County Court and was therein found not guilty after a trial de novo, the judgment of the County Court constituted an acquittal and nullified the original judgment in the municipal court. In holding that the County Court judgment was not appealable, the Supreme Court stated in Pulverman (12 N.J., at page 112):
"Although the State has had and still has the right of review upon the dismissal of an indictment (see Rule 2:5-3 (b) (7), it is clear that under our current statutes and rules of court no similar review of legal rulings may be had by the State in a criminal case where the defendant has been acquitted at trial."
We need not review the comprehensive analysis of the problem, as clearly set forth by Justice Jacobs in the Pulverman case. We deem it sufficient to say that in the instant matter before us on this appeal the rule of the Pulverman case is controlling, so that the judgment of acquittal entered in the County Court is not appealable.
Appellant argues that this case is distinguishable from Pulverman because there a trial was held in the County Court at which oral testimony was taken, whereas here the trial de novo in the County Court was on the original record. We *126 do not regard this difference as material. The difference between a trial de novo on the lower court's transcript and a trial by plenary testimony in the County Court is merely procedural. In both cases, the County Court is acting as a trial court de novo, not as an appellate tribunal.
Appellant also argues that the decision here did not have to depend on an issue of fact. This is only partly true, but it is immaterial. The acquittal in Pulverman was based solely on a question of law  the construction of the Newark ordinance there involved.
Since the rule of non-appealability is based on the constitutional guarantee against double jeopardy, there is no difference in principle between an acquittal on the ground that the ordinance does not cover the conduct of the defendant (the situation in the Pulverman case) and an acquittal based upon a holding that the ordinance, which the defendant is charged with having violated by his conduct, is unconstitutional. In both instances the defendant has been subjected to the peril of a quasi-criminal proceeding.
This was no mere dismissal of a complaint on motion made before a trial. We know that dismissals of complaints and indictments on motion before trial are appealable by the State. It is also true that generally a reversal of a conviction by an intermediate appellate court does not preclude the State, on concepts of double jeopardy, from appealing the reversal of the conviction. However, a person acquitted after a trial in a proper court of original jurisdiction, even though erroneously, may not constitutionally be tried again for the same offense. N.J. Constitution, Article I, par. 11. When there is an appeal from a municipal court to the County Court and there is a trial de novo in the County Court either on the stenographic record or sound recording below, or on oral testimony where no such record existed, the new trial in the County Court is equivalent to a trial in a court of original criminal jurisdiction. So that a judgment of acquittal in the County Court after a trial is not appealable.
*127 The limitations upon the right of the State to take an appeal in criminal cases apply equally for procedural purpose to violations of municipal ordinances. City of Newark v. Pulverman, supra; City of Absecon v. Vettese, 13 N.J. 581, 584 (1953).
These limitations upon the right of the State to take an appeal have been recognized and considered by two Committees of the Supreme Court. See report dated March 1, 1955 by "Committee on Appeals by the State in Criminal Cases"; and report dated May 11, 1961 by "Committee on Criminal Procedure." Each committee report indicates that in our jurisdiction the State does not have the right to appeal a judgment of acquittal entered during or at the end of the trial of the action. The committee report of March 1, 1955 annexes a chart indicating that only in Alabama and North Carolina does the State have a right to appeal from determinations during trial up to and including verdict and/or judgment from an order declaring a statute unconstitutional. The body of this report indicates that Oregon is also in this category. The most recent 1961 report, at page 25, states:
"We are also of the view that there is no present necessity for recommending appeals by the State from judgments of the municipal courts and county courts involving ordinances or regulatory statutes as suggested by the 1955 Committee."
We conclude that the judgment of acquittal entered in the Union County Court after a trial de novo was not appealable. Under the circumstances we are precluded from considering the merits of the substantive issues involved and we neither express nor imply any opinion thereon. The appeal is dismissed. No costs.