897 A.2d 1136 (2006)
385 N.J. Super. 574
John T. PAFF, Plaintiff-Appellant,
v.
Kevin J. BYRNES, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Telephonically Argued October 26, 2005.
Decided May 25, 2006.
*1137 Richard M. Gutman, Montclair, argued the cause for appellant.
Salvatore T. Alfano, Bloomfield, argued the cause for respondent (Salvatore T. Alfano, attorneys; Michael S. Bubb, Morristown, on the brief).
Before Judges KESTIN, R.B. COLEMAN and SELTZER.
The opinion of the court was delivered by
R.B. COLEMAN, J.A.D.
Plaintiff, John Paff, appeals from an order denying his request under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1.1, for information from defendant, Kevin Byrnes, custodian of government records for West Milford Township (Township). Plaintiff contends that defendant violated OPRA, more specifically N.J.S.A. 47:1A-5b, by failing either to grant access or to state the grounds for non-access to William DeMarco's Ethics History Report under the Attorney Accountability Ordinance enacted by the Township.
Pursuant to West Milford Township Ordinance No. 2003-50, any attorney engaged by the municipality is required to request from the Office of Attorney Ethics (OAE) a Certificate of Ethical Conduct. On or about January 13, 2004, Township attorney William J. DeMarco, pursuant to that ordinance, completed an Authorization and Release Form requesting the OAE to furnish to the Township his Certificate of Ethical Conduct. DeMarco asked the OAE to return his certificate. In response to defendant's request, the OAE sent DeMarco's certificate and an attached Ethics History Report to defendant.
On January 31, 2004, plaintiff requested the Certificate of Ethical Conduct and the attached Ethics History Report provided to the Township of West Milford regarding DeMarco. The request to the Township asked for "[a]ll correspondence and documents sent to and received from the Office of Ethics or other agency of the judiciary arising out of the Attorney Accountability Ordinance enacted by the Township." On February 11, 2004, defendant provided plaintiff with a copy of DeMarco's certificate. Although that certificate made reference to an "Ethics History Report," defendant did not include this in his submission to plaintiff. According to a certified statement signed by defendant on September 27, 2004, defendant asserted that, prior to responding to plaintiff's request, defendant consulted the OAE and the applicable sections of OPRA for guidance concerning the release of DeMarco's report. Defendant stated that because the OAE informed him that the certificate was not available to the public, he decided not to release DeMarco's report to plaintiff.
On February 17, 2004, plaintiff again requested all correspondence or documents arising out of the ordinance, specifically asking for the report DeMarco's certificate referenced, which defendant had failed to provide in response to plaintiff's previous request. Defendant advised plaintiff, by memorandum dated February 18, 2004, that the OAE had informed him that the Certificate of Ethical Conduct contained "non-public information" that would not be subject to public release by the OAE. Accordingly, defendant did not provide the referenced Ethics History Report to plaintiff.
*1138 On March 24, 2004, plaintiff requested for a third time, "all correspondence and documents arising out of or pertaining to Ordinance # 2003-50," along with "any and all `ethics history reports' that are in the custodian's possession." In response, defendant sent plaintiff a redacted version of DeMarco's report, whereupon plaintiff filed a complaint in lieu of prerogative writs and an order to show cause seeking judgment against defendant for the following: (1) a determination that defendant violated N.J.S.A. 47:1A-5b by failing either to grant access to DeMarco's report or to state the reasons for denying access to the report; (2) an injunction preventing defendant from responding to OPRA requests without either granting access or stating the reasons for denying access; (3) a fine against defendant in the amount of $1,000 for a knowing, willful, and unreasonable violation of OPRA; and (4) an award of plaintiff's attorney fees. The trial judge denied plaintiff's order to show cause on the grounds that R. 4:69 does not allow commencement of an action in lieu of prerogative writs by an order to show cause. Plaintiff then filed a notice of motion for summary judgment.
After hearing oral arguments, the court denied plaintiff's motion for summary judgment and, even though no cross-motion for summary judgment had been filed, the court dismissed plaintiff's claim, with prejudice, for failure to state a cause of action. The court concluded that the report did not constitute part of the certificate and, therefore, the ordinance did not require its disclosure. The court also determined that DeMarco's report did "not fall explicitly within any of the twenty-six exceptions to the government record definition" of N.J.S.A. 47:1A-1.1. According to the court, the report was exempt under OPRA as a personnel record because it related to "any grievance filed against" DeMarco. The court recognized that N.J.S.A. 47:1A-10 allows for personnel records to be disclosed when allowed by another law. However, the court determined that the Township's ordinance was not "another law" under OPRA. Additionally, the court found that R. 1:20-9 limited OPRA disclosure. The court determined that the report did not fall within the exceptions of R. 1:20-9, because DeMarco did not waive or breach confidentiality. Finally, the court declined to enforce the ordinance because it found that the ordinance conflicted with OPRA and the court rules.
Plaintiff argues, as a matter of law; (1) that the court below erred by failing to rule that the report was an integral part of the Certificate of Ethical Conduct; (2) that OPRA uses the word "law" to include municipal ordinances and, therefore, the ordinance does not violate OPRA; and (3) the ordinance does not violate the Supreme Court's Disciplinary Rules. We agree with plaintiff's first and third assertions of error and reverse the court's order of dismissal and remand. We decline to address plaintiff's second assertion of error involving OPRA. We note that both plaintiff and defendant have reasonable interpretations of "other law" as used in OPRA and we urge the Legislature to revisit this statute to clear up the confusion as to whether that phrase encompasses municipal ordinances.
Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, *1139 would require submission of the issue to the trier of fact." Ibid.
We "employ the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div), certif. denied, 154 N.J. 608, 713 A.2d 499 (1998). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995) (citations omitted).
This court utilizes the established rules of statutory construction to interpret a municipal ordinance. Township of Pennsauken v. Schad, 160 N.J. 156, 170, 733 A.2d 1159 (1999). Therefore, "an ordinance should be interpreted to `effectuate the legislative intent in light of the language used and the objects sought to be achieved.'" Ibid. (quoting Merin v. Maglaki, 126 N.J. 430, 435, 599 A.2d 1256 (1992)). First, this court must examine the language of the ordinance. Ibid. If the language reveals a clear and unambiguous meaning, then that language controls. Ibid. Alternatively, if the language is amenable to multiple interpretations, then this court "considers extrinsic factors, such as the statute's purpose, legislative history, and statutory context to ascertain the legislature's intent." Ibid. (citations omitted).
Pursuant to the West Milford Ordinance implicated in this case, an attorney's disclosure of his information to the Township is a condition for his service as a municipal attorney. Attorney DeMarco acquiesced in the disclosure of his Certificate of Ethical Conduct when he completed the authorization and release form for the OAE. This was unquestionably a voluntary and intentional relinquishment of his right to maintain the confidentiality of his ethical history. See, e.g., Knorr v. Smeal, 178 N.J. 169, 177, 836 A.2d 794 (2003) (noting that "[t]he intent to waive [known rights] need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference").
The OAE certification incorporates by reference the disputed Ethical History Report supplied to the Township. Hence, the document, as presented to plaintiff, is not complete. The OAE Director did not oppose the disclosure. Rather, he stated in his March 16, 2004 letter to defendant that "it is up to the Township of West Milford as to what information involving a potential personnel matter they wish to disclose and to whom." Therefore, there is no prohibition against the disclosure of the "non-public information" once an attorney requests that the information be disclosed to a public employer or prospective public employer. As a condition of his obtaining or maintaining the position, DeMarco authorized the release of his personal disciplinary records, to the public employer. Once he did so, he was no longer entitled to restrict the public entity's dissemination of professional information it had required him to disclose as a condition of employment.
Also, R. 1:20-9 is not applicable to the present case. Rule 1:20-9 provides that:
(a) Confidentiality. Prior to the filing and service of a complaint in a disciplinary matter, or a motion for final or reciprocal discipline, or the approval of a motion for discipline by consent, the disciplinary matter and all written records received and made pursuant to these rules shall be confidential, except that the pendency, subject matter, and status of a grievance may be disclosed by the Director if:
(1) the respondent has waived or breached confidentiality.
*1140 Here, DeMarco waived his rights under R. 1:20-9 by completing the Authorization and Release Form in order to continue in his position as Township attorney.
We reverse the grant of summary judgment in favor of defendant but because of the nature of the order from which the appeal was taken, we remand to the Law Division for further consideration of whether any legal or equitable basis exists for defendant to continue to refuse to disclose the requested Ethics History Report. We do not retain jurisdiction.