**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2957-15T4

JOHN CARUSO REALTY, INC.,

    Plaintiff-Appellant,

v.

JERSEY CITY RENT LEVELING
BOARD AND MICHELE MONTEGNA,

    Defendants-Respondents.

_____

          Argued June 6, 2017 — Decided July 10, 2017

          Before Judges Messano and Suter.

          On appeal from the Superior Court of New
          Jersey, Law Division, Hudson County, Docket
          No. L-4140-15.

          Joseph A. Pojanowski, III argued the cause for
          appellant (Bertone Piccini, L.L.P.,
          attorneys; Mr. Pojanowski, on the brief).

          John J. Hallanan, Assistant Corporation
          Counsel, argued the cause for respondent
          Jersey City Rent Leveling Board (City of
          Jersey City Department of Law, attorneys;
          Jeremy Farrell, Corporation Counsel; Vincent
          Signorile, Assistant Corporation Counsel, on
          the brief).

          Roberta L. Tarkan argued the cause for
          respondent Michele Montegna (Law Offices of

Roberta L. Tarkan, attorneys; Ms. Tarkan, on the brief).

PER CURIAM

Plaintiff John Caruso Realty, Inc., appeals from the Law Division's February 26, 2016 order dismissing its complaint in lieu of prerogative writs against defendants Jersey City Rent Leveling Board (the Board) and Michele Montegna. The facts are straightforward and undisputed.

Plaintiff owns Block 392, Lot 24a in Jersey City, which contains two separate residential buildings. One, in the front of the lot contains four units and bears the address 347 Pavonia Avenue (the front building). The other, in the rear of the lot, contains three units and bears the address 347 1/2 Pavonia Avenue (the rear building). The New Jersey Department of Community Affairs issued a certificate of inspection indicating the front building consists of four "units." A judge hearing a 2003 landlord-tenant action issued a judgment of possession regarding a tenant in the rear building, finding the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12, did not apply because the building was owner-occupied with not more than two rental units. See N.J.S.A. 2A:18-61.1 (exempting such premises from the requirements of the statute).

Montegna was a tenant in the front building when plaintiff increased her monthly rent by 25%. She filed a complaint with the Board, alleging the increase violated Jersey City's rent control ordinance. Jersey City, N.J., Rent Control Ordinance § 260 (1986) (the Ordinance). Plaintiff filed opposition, arguing the Ordinance exempts "[d]wellings with four (4) or less housing spaces" from its definition of a dwelling. Id. at § 260-1A. However, the Ordinance defines dwelling as "[a]ny building or structures rented or offered for rent to one (1) or more tenants or family units." Id. at § 260-1 (emphasis added).

Rejecting plaintiff's exemption claim, the Board Administrator determined the increase was "not allowed" and ordered a refund to Montegna. Plaintiff appealed to the Board, which conducted a hearing, taking the testimony of plaintiff's principal and Montegna. The Board passed a resolution rejecting plaintiff's appeal and setting Montegna's lawful monthly rent.

Plaintiff filed its complaint in lieu of prerogative writs, the Board and Montegna filed answers, and Judge Francis B. Schultz heard argument before issuing an oral decision. Judge Schultz rejected plaintiff's contention that the Court's decision in Cashin v. Bello, 223 N.J. 328 (2015), was controlling. He noted that the language of the Anti-Eviction Act, which the Court construed in that case, permits eviction of a tenant by the "owner

of a building of three residential units or less" who intends to "personally occupy [the] unit." N.J.S.A. 2A:18-61.1(l)(3) (emphasis added). Judge Schultz noted, however, that the Court found "the Legislature's use of the word 'building,' in its singular form, to be both deliberate and dispositive." Cashin, supra, 223 N.J. at 331.

Here, the judge observed the Ordinance "uses the word 'structures,' plural." He "accord[ed] some deference to the . . . Board . . . in [its] interpretation" of the Ordinance, but independently concluded, "structures . . . means the four-unit, plus the owner occupied three family. That adds up to seven. Certainly, six rental units, which is more than four." The judge dismissed the complaint, concluding the Board's action was not arbitrary, capricious, unreasonable or, "as a matter of law, wrong." He entered a conforming order and this appeal ensued.

Plaintiff reiterates the arguments made in the Law Division. It contends the word "building" in the Ordinance's definition of "dwelling" should be interpreted as the Court interpreted the word in Cashin, and the front building, consisting of four "housing spaces," essentially stands alone and should be exempt.[1]

---

[1] Plaintiff also argues the earlier landlord-tenant litigation conclusively demonstrated the rear building consisted of three units, separate from the four units in the front building. The

A-2957-15T4

We reject these contentions and affirm substantially for the reasons expressed by Judge Schultz. We add only these brief comments.

"A court may set aside a municipal board decision if it is shown to be arbitrary, capricious or unreasonable, not supported in the evidence, or otherwise contrary to law." Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 378, cert. denied, 519 U.S. 911, 117 S. Ct. 275, 136 L. Ed. 2d 198 (1996). Like the trial court, we owe no deference to the Board's legal interpretations, including its construction of the Ordinance. See, e.g., Osoria v. W.N.Y. Rent Control Bd., 410 N.J. Super. 437, 443 (App. Div. 2009) ("When interpreting an ordinance, our scope of appellate review is plenary."); accord Schulmann Realty Grp. v. Hazlet Twp. Rent Control Bd., 290 N.J. Super. 176, 184 (App. Div. 1996).

"In construing the language of an ordinance, it is well established that courts apply the same rules of judicial construction as they apply when construing statutes." AMN, Inc., of N.J. v. Twp. of S. Brunswick Rent Leveling Bd., 93 N.J. 518,

---

judge's ruling in that action is not necessarily consistent with our holding in Harrison v. Zelko, 272 N.J. Super. 219, 222-24 (App. Div. 1994), where we held that "premises," as used in N.J.S.A. 2A:18-61.1, included all three buildings on the plaintiff's property, only one of which the plaintiff occupied. The argument lacks sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

524-25 (1983) (citing <u>Camarco v. City of Orange</u>, 61 <u>N.J.</u> 463, 466 (1972); 1A Sands, <u>Sutherland</u>, <u>Statutory</u> <u>Construction</u> § 30.06 (4th ed. 1972)). "Therefore, 'an ordinance should be interpreted to effectuate the legislative intent in light of the language used and the objects sought to be achieved.'" <u>Paff v. Byrnes</u>, 385 <u>N.J.</u> <u>Super.</u> 574, 579 (App. Div. 2006) (quoting <u>Twp. of Pennsauken v.</u> <u>Schad</u>, 160 <u>N.J.</u> 156, 170 (1999)).

In this case, we agree with Judge Schultz that the clear intent of the Ordinance was to exempt "[d]wellings with four (4) or less housing spaces" from the strictures of rent control. Ordinance, <u>supra</u>, § 260-1A. However, by definition, dwellings included not only "any building" rented or offered to rent, but also any "structures" rented or offered to rent. <u>Id.</u> at § 260-1. The language of the Ordinance is plain and unambiguous, and when applied to the facts in this case, it is obvious that two <u>structures</u>, containing a total of seven housing spaces, were situated on Block 392, Lot 24a. As a result, the exemption in the Ordinance did not apply.

We also agree with Judge Schultz that the language of the Anti-Eviction Act, as clearly construed in <u>Cashin</u>, is substantially different, making the Court's decision inapposite to this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2957-15T4